¶ 23. I respectfully dissent. The evidence of a causal connection between the accident and Boggs's rather extensive medical treatment at the hands of Dr. Gupta — a course of treatment which did not begin until several months after the accident — is, in my view, less than persuasive. *Page 1089 
I would hold that the jury acted within the range of its discretion as the resolver of disputed facts when it found that Boggs failed to carry his burden to prove the necessary link by a preponderance of the evidence.
¶ 24. The primary treating physician, who saw Boggs for an extended period after the accident and treated him very conservatively, made no diagnosis of trauma-induced arthritic condition in need of further medical treatment. Dr. Gupta, the treating physician who ran up the $6,000 in medical bills, did not even see Boggs until months after the accident. He did not testify as to any readily-apparent physical indications of a lingering injury directly traceable to the vehicular accident. Rather, he diagnosed Boggs's complaints of pain as a post-traumatic arthritic condition possibly traceable to the accident based entirely on the medical history related to him by Boggs. Boggs, in giving that history, related only one traumatic event to the doctor — that being the Hawks accident. Even then, Dr. Gupta conceded only that it was "a possibility" that his symptoms were consistent with someone injured in a rear-end collision.
¶ 25. Boggs, in giving his medical history to Dr. Gupta, did not inform the doctor that he had been undergoing extensive treatment for neck and spine pain arising out of various other traumatic injuries for several years prior to the vehicular accident. Doctor Gupta conceded on cross-examination that a more complete history of Boggs's complaints of neck pain was "important information to know" in diagnosing and treating Boggs's condition.
¶ 26. That state of the proof was sufficient to create a jury issue as to whether Boggs adequately proved that the medical expenses were incurred "because of any . . . injury" arising out of the vehicular accident. Miss. Code Ann. § 41-9-119 (Rev. 1993). That issue — one going to the question of causation — is not the same question addressed in Section 41-9-119 as to whether the medical bills were "necessary and reasonable." Miss. Code Ann. § 41-9-119 (Rev. 1993). Dr. Gupta's treatment may have been entirely necessary and reasonable to treat Boggs's persistent complaints of neck pain, but that fact does not go to Boggs's duty to show that the pain was proximately caused by the accident. The jury, by the size of its verdict, evidently found that Boggs did not meet his burden at to Dr. Gupta's treatment. That view finds substantial support in the record.
¶ 27. I would affirm.
SOUTHWICK, P.J., AND MOORE AND THOMAS, JJ., JOIN THIS SEPARATE WRITTENOPINION.